USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/20/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

S. Kenneth Leech II,

          *Defendant.*

**Protective Order**

**24 Cr. 658 (GHW)**

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendant having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

### Categories

1. **Disclosure Material.** The Government has made and will make disclosure to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material." The Government's Disclosure Material may include material that the Government believes (i) affects the privacy, confidentiality and business interests of individuals and entities; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals and entities; (iii) would risk prejudicial pretrial publicity if publicly disseminated; (iv) may be produced with more limited redactions than would otherwise be necessary; and (v) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

2023.11.26

**Disclosure and Treatment**

2. Disclosure Material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Disclosure Material on any Internet site or network site, including any social media site, to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media.

**Other Provisions**

3. This Order does not prevent the disclosure of any Disclosure Material in any motion filed, or hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action but, except to the extent provided otherwise below, shall not be disclosed in any other civil litigation, arbitration, or other private or alternative dispute resolution. Nothing herein shall be interpreted to limit the defense from using information learned from the review of Disclosure Material in any such proceedings. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1 and the above provisions.

4. The Government's designation of material will be controlling absent contrary order of the Court. The parties shall meet and confer regarding any dispute over such designations, after which the defense may seek de-designation by the Court. The Government may authorize, in writing, disclosure of Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

5. The defense may provide, show, or otherwise disclose Disclosure Material to prospective witnesses and persons retained by counsel, including but not limited to experts, consultants, and other individuals engaged by the defense for purposes of defending this action.

2023.11.26

Before disclosing Disclosure Material to any such witnesses and persons, the defense shall ensure that such witnesses and persons agree to be bound by the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

6. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material, including any ESI, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; and the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct. If Disclosure Material is provided to any personnel for whose conduct defense counsel is responsible or prospective witnesses, defense counsel shall make reasonable efforts to seek the return or destruction of such materials.

7. This Order places no restriction on a defendant's use or disclosure of ESI or other Disclosure Material that originally belonged to the defendant or was obtained by defendant from a source other than the Government.

## **Retention of Jurisdiction**

8. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

    EDWARD Y. KIM
    Acting United States Attorney

by: _____*Peter J. Davis*_____                           Date: __12/19/24__
    Peter J. Davis
    Thomas S. Burnett
    Assistant United States Attorneys

_____[signature]_____                                    Date: __12/19/2024__
Jonathan Sack, Esq. (By: Joshua P. Bussen, Esq.)
Counsel for S. Kenneth Leech II


_____                            Date: _____
Jeremy Temkin, Esq.
Counsel for S. Kenneth Leech II

SO ORDERED:

Dated: New York, New York
       December 20, 2024

                                            _____[signature]_____
                                          HONORABLE GREGORY H. WOODS
                                          UNITED STATES DISTRICT JUDGE