

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*Jacob K. Javits Federal Building*
*26 Federal Plaza*
*New York, New York 10278*

May 16, 2025

**BY ECF**

Hon. Gregory H. Woods
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    <u>United States</u> v. <u>S. Kenneth Leech II</u>, 24 Cr. 658 (GHW)

Dear Judge Woods:

    The Government respectfully writes in advance of the May 19, 2025 conference and in response to the defendant's May 15, 2025 letter (ECF No. 23). At the conference, the Government will respectfully request that the Court set (i) a motions schedule for the summer and fall and (ii) a trial date for December 2025, or as soon thereafter as would be convenient to the Court.

    The public and the defendant have an interest in a speedy trial in this matter. A grand jury returned the Indictment on November 25, 2024. The public's interest in a trial on the Indictment's allegations is high, and benefits to a prompt trial in this matter will flow to the defendant, who will be able to put the Government to its proof without first incurring years of expense; to the Government, who will be in a position to vindicate swiftly its interest in deterring white collar crime; to the Court, which will avoid burdening its docket with protracted motion practices and status conferences; and to counsel for both parties, who can plan around a predictable trial schedule and marshal witnesses, experts, and trial teams with a fixed date in mind.

    The state of discovery supports a prompt trial, such as in December. As the Government will detail at the upcoming conference, the Government has substantially completed its production of Rule 16 material and will continue to produce any materials it obtains from continued investigation and trial preparations. The notable materials that the Government presently expects to obtain, but does not yet possess, consist of electronic files that the defendant's former employer has indicated it intends to produce on a rolling basis. Those materials, by their nature, would not appear likely to give rise to any motion and the defendant will have ample time to review them in advance of trial. Accordingly, a December 2025 trial date—that is, a trial approximately one year after the return of the Indictment—would appropriately balance the defendant's desire to carefully craft a defense in light of all available records and the competing interests of the public and the Government in expeditiously reaching a jury.

The Government has had and will continue to have a productive dialogue with defense counsel about motion schedules and trial dates, but the Court should set a schedule now to facilitate the forward progress of this case and to ensure fairness and predictability for all parties.

> Respectfully submitted,
>
> JAY CLAYTON
> United States Attorney
>
> by: __/s/_____
> Thomas Burnett/Peter Davis
> Assistant United States Attorneys
> (212) 637-2468/1064

cc: Counsel (by ECF)