UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                                                               )

UNITED STATES OF AMERICA,          )

          -v-                                )        24 Cr. 658 (GHW)

S. KENNETH LEECH II,                 )

          Defendant.                 )

------------------------------------------------------------ X

## DECLARATION OF NATHANEL SOBEL IN SUPPORT OF DEFENDANT S. KENNETH LEECH II'S OMNIBUS PRETRIAL MOTION

Pursuant to 28 U.S.C. § 1746, I, Nathaniel Sobel, hereby declare as follows:

1. I am an associate at the law firm of Morvillo, Abramowitz, Grand, Iason & Anello P.C., counsel for Defendant S. Kenneth Leech II. I am an attorney licensed to practice law in the state of New York and admitted to practice before this Court.

2. I submit this declaration in support of Mr. Leech's Omnibus Pretrial Motion.

3. I am familiar with the matters discussed herein based on my representation of Mr. Leech in this case, a related case brought by the United States Securities and Exchange Commission (the "SEC"), *Securities and Exchange Commission v. Leech*, No. 24 Cv. 9017 (KPF) (S.D.N.Y.), and other matters.

**Mr. Leech's Communications with Experts**

4. Starting in October 2023, counsel representing Mr. Leech retained several experts with statistics and fixed-income markets expertise to help represent Mr. Leech in connection with an investigation conducted by outside counsel retained by Mr. Leech's employer, Western Asset Management Company, and other related matters. These retained experts communicated with counsel, with Mr. Leech, and frequently with both counsel and Mr. Leech.

1

**Mr. Leech's Notes Prepared at the Direction of Counsel**

5.  I participated in reviewing materials obtained by the government pursuant to search warrants of Mr. Leech's personal Google and Apple accounts and preparing a log identifying communications over which Mr. Leech was asserting privilege.

6.  Mr. Leech has asserted privilege over 104 documents on the basis that the documents memorialized his "thoughts relating to the Trade Allocation Matters (in anticipation of litigation relating to the Trade Allocation Matters) and forwarded them to himself or (intentionally or unintentionally) saved them as drafts for future reference" (*See* Temkin Decl. Ex. 9 at 10).  Many of these documents are substantively duplicates of one another, and virtually all were ultimately incorporated into a communication that Mr. Leech transmitted to his counsel.

**The Court Should Dismiss Count Five for Lack of Venue**

7.  In connection with my work on this matter, I attended Mr. Leech's SEC testimony in Los Angeles, California on March 6, 2024.  Based on my recollection of that testimony, and my review of the transcript provided by the SEC, Brian Fitzpatrick attended Mr. Leech's testimony via WebEx.  Mr. Fitzpatrick was identified as an "industry expert," and did not identify where he was located during Mr. Leech's testimony.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 7, 2025
New York, New York

*/s/ Nathaniel Sobel*
Nathaniel Sobel