# CLEARY GOTTLIEB STEEN & HAMILTON LLP

AMERICAS
NEW YORK
SAN FRANCISCO
SÃO PAULO
SILICON VALLEY
WASHINGTON, D.C.

ASIA
HONG KONG
SEOUL

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

D: + 1 212 225 2950
jkim@cgsh.com

EUROPE & MIDDLE EAST
ABU DHABI
BRUSSELS
COLOGNE
FRANKFURT
LONDON
MILAN
PARIS
ROME

November 5, 2025

**BY ECF**

Honorable Gregory H. Woods
Unites States District Judge
Southern District of New York
500 Pearl Street, Room 2260
New York, New York 10007

   Re: *United States v. Leech*, 24-cr-658 (GHW)

Dear Judge Woods:

   Defendant S. Kenneth Leech II has retained undersigned counsel Joon H. Kim with the law firm Cleary Gottlieb Steen & Hamilton LLP to join existing counsel at the law firm Morvillo Abramowitz Grand Iason & Anello PC as co-counsel in representing Mr. Leech in the above-referenced matter. On November 3, 2025, we filed a notice of appearance.

   Prior to filing the notice of appearance, we informed the government of our retention as Mr. Leech's counsel. The government advised that, because I had previously represented James W. Hirschmann III, the former Chief Executive Officer of Western Asset Management and its current Chairman, in connection with the government's investigation, including during an interview of Mr. Hirschmann by the government, they believed a hearing pursuant to *United States v. Curcio*, 680 F.2d 881 (2d Cir. 1982), is necessary.

   While we do not believe a conflict of interest between Mr. Leech and Mr. Hirschmann exists, we do not object to the Court conducting a *Curcio* hearing during which it can inquire as to Mr. Leech's awareness of his "right to representation by conflict-free counsel," and assess his knowing and voluntary waiver of any potential conflicts that might arise. *United States v. Schwarz*, 283 F.3d 76, 90 (2d Cir. 2020). For the Court's awareness in conducting the *Curcio* hearing, we note that current counsel at Morvillo Abramowitz Grand Iason & Anello PC, who have represented Mr. Leech from the commencement of this case, will remain as co-counsel for Mr. Leech, and that to the extent Mr. Hirschmann requires counsel in the future in this matter, he will retain separate counsel and will not be represented by our firm.

Honorable Gregory H. Woods
United States District Judge
Page 2

As the parties are scheduled to appear before the Court for hearings on the pre-trial motions on November 7, 2025 at 10:00 a.m., if acceptable to the Court, we would propose conducting a *Curcio* hearing on that day as well. For the Court's convenience, we enclose as Appendix A a proposed script for the *Curcio* hearing. We have shared a draft of this letter and the attached *Curcio* hearing script with the government, and they join in this request.

Respectfully submitted,

*/s/ Joon H. Kim*
Joon H. Kim

cc: All counsel of record

Appendix A
**Proposed *Curcio* Examination Script**

I. <u>Competency Questions</u>

- How old are you?

- Do you have any medical condition that could affect your ability to understand and answer questions today about your legal representation?

- Have you recently taken any alcohol or medication that could affect your ability to understand and answer questions about your legal representation?

- Are you feeling well enough to proceed with this hearing today?

II. <u>Circumstances of Current Representation</u>

- You are currently represented by the law firm Morvillo Abramowitz Grand Iason & Anello PC, including specifically, Jonathan Sack and Jeremy Temkin, who are here with you today. Is that correct?

- They have represented you from the beginning of this case?

- Do you wish to continue to be represented by Mr. Sack, Mr. Temkin, and the Morvillo firm in this matter?

III. <u>Circumstances of Co-Counsel Representation</u>

- I also understand you have retained Joon Kim at the law firm of Cleary Gottlieb Steen & Hamilton LLP to also represent you as co-counsel in this case, is that correct?

- Do you know that Mr. Kim has previously represented James Hirschmann, the former Chief Executive Officer of Western Asset Management and its current Chairman, in connection with this matter?

- Are you aware that such representation included representing Mr. Hirschmann in an interview of him that the government conducted in connection with this matter?

IV. <u>Right to Conflict-Free Representation</u>

- Do you understand that in every criminal case, including this one, the defendant is entitled to be represented by an attorney whose loyalty to him is undivided, and who is not subject to any force or consideration that might in any way intrude upon the attorney's loyalty to his client?

- Is your choice to be represented by Mr. Kim and his firm Cleary Gottlieb Steen & Hamilton one that you have made freely and voluntarily, without any promises, threats, or inducements being made or offered to you?

V. Defendant's Understanding of Potential for Conflict

- It is important that you understand that no one, including the Court, can predict with any certainty the course that this case will take or foresee all the ways in which a potential conflict could arise. Do you understand that?

- Do you understand that if the Court permits you to proceed with Mr. Kim as one of your lawyers, following this hearing, you will be giving up your right to argue, on appeal or otherwise, that you were denied effective assistance of counsel as a result of any potential conflicts that arise from Mr. Kim's prior representation of Mr. Hirschmann?

- Have you consulted with Mr. Kim about any potential conflicts of interests that could arise from his prior representation of Mr. Hirschmann?

- Have you consulted with Mr. Sack and Mr. Temkin about any potential conflicts of interests that could arise from Mr. Kim's prior representation of Mr. Hirschmann?

- Is there anything that you wish to have explained further?

VI. Knowing and Voluntary Waiver

- Having heard everything I have said today and having had the opportunity to consult with both sets of counsel, including your counsel at the Morvillo firm, do you continue to believe that it is in your best interest to continue to be represented by Mr. Kim and his firm as your co-counsel?

- Are you knowingly and voluntarily waiving any potential conflicts that may arise from Mr. Kim's prior representation of Mr. Hirschmann?