# MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
THOMAS A. McKAY
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG
LISA ZORNBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

jsack@maglaw.com
(212) 880-9410

COUNSEL
JOSHUA BUSSEN
PIPPA HYDE***
KEFIRA WILDERMAN

RETIRED/PARTNER EMERITUS
PAUL R. GRAND

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT
***ALSO ADMITTED IN ENGLAND AND WALES

February 17, 2026

**MEMORANDUM ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 02/18/2026

**VIA ECF**
The Honorable Gregory H. Woods
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *United States v. Leech*, No. 24 Cr. 658 (GHW) (S.D.N.Y.)

Dear Judge Woods:

    We write on behalf of our client, Kenneth Leech, with respect to the recent substantial pre-trial briefing and the implications for scheduling in the case. For reasons explained below, we believe that the breadth and complexity of the pending briefing, and nature and extent of the open issues to be decided before trial, warrant an adjournment of the trial, now scheduled to begin on April 6, 2026.

    In place of the present trial date, we respectfully request a trial date starting in early June 2026 or thereafter. We have conferred with the government, which asked us to express their position as follows: The Government is ready to proceed to trial on April 6, 2026 as scheduled. To the extent the Court is inclined to grant defendant's motion for an adjournment, the Government respectfully requests that any adjournment be no more than 30 days.

    Over the past two months, the government and defense have briefed substantial issues relating to (i) the admissibility of government and defense expert testimony under *Daubert* and the Federal Rules of Evidence; (ii) the admissibility of five discrete subjects of purported Rule 404(b) evidence going back more than 20 years before the period relevant to the indictment; (iii) multiple other evidentiary challenges raised by the government and defense; (iv) the defense's claim that the government's taint team procedure for reviewing privileged communications violated our client's rights; and (v) the use of a jury questionnaire.

Morvillo Abramowitz Grand Iason & Anello P. C.

Hon. Gregory H. Woods
February 17, 2026
Page 2 of 3

      Thus far, the briefing on these matters takes up many hundreds of pages; the briefing on the expert and *Daubert*-related issues themselves takes up over 270 pages, which consist of nearly 140 pages regarding the admissibility of expert testimony proffered by the government and about 125 pages regarding the admissibility of expert testimony proffered by the defense.  This does not include the more than 100 pages (single-spaced) of government expert reports or approximately 55 pages of defense expert reports.

      Additionally, to date, the government has produced to the defense more than 1 million documents in discovery (composed of over 6.5 million pages), which includes trading data and communications concentrated in the period relevant to the indictment (2021 to 2023) but extends as far back as 1999 and as far forward as June of 2024.  The relevance of many of these documents is unclear and, to the extent the government includes them on its exhibit list, which is due on or before March 2, 2026, we anticipate the defense may need to submit additional in limine motions.

      Similarly, the defense was scheduled to receive 3500 and *Giglio* material and the government's exhibit list identifying individual trades it seeks to prove were misallocated last Friday, February 13.  We agreed to defer the government's production of those materials pending this request for an adjournment, but the ultimate disclosures of these materials will almost certainly raise additional evidentiary issues, which will need to be briefed for the Court.

      We recognize that the extensive briefing presents an unusual burden on the Court, and we are in no way looking to rush Your Honor's consideration of these important issues.  Your Honor's rulings on the pending motions will, however, greatly affect the length and scope of the trial, and will substantially impact the defense's assessment of many strategic issues.  We infer the rulings will likewise impact the government's trial strategy.  Additionally, some of the issues may require pre-trial hearings, for example, concerning the scope of permissible expert testimony, admissibility of certain statements, the government's taint team process, and Rule 404(b) evidence.

      We have devoted substantial resources to this case and are committed to working diligently and efficiently to prepare for trial.  We are nonetheless greatly concerned that, given the sheer number, extent and significance of the open issues to be decided, without an adjournment, we will not have sufficient time to incorporate Your Honor's rulings into the defense of the case.  Given the utmost seriousness of this matter, we believe this application is necessary to fulfill our professional responsibilities to Mr. Leech.

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

Hon. Gregory H. Woods
February 17, 2026
Page 3 of 3

   Accordingly, we respectfully request a status conference at the Court's earliest convenience to discuss the matters raised above and consider the appropriateness of adjournment of the trial.

                 Respectfully submitted,

                 MORVILLO ABRAMOWITZ
                 GRAND IASON & ANELLO P.C.

           By: /s/ *Jonathan S. Sack*
              Jonathan S. Sack
              Jeremy H. Temkin

              565 Fifth Avenue
              New York, NY 10017
              (212) 880-9410
              jsack@maglaw.com

              CLEARY GOTTLIEB
              STEEN & HAMILTON, LLP

              Joon H. Kim
              One Liberty Plaza
              New York, New York 10006
              (212) 225-2000 (telephone)

              *Attorneys for Defendant S. Kenneth Leech II*

Cc: AUSA Peter J. Davis (via ECF)
   AUSA Thomas S. Burnett (via ECF)
   SAUSA Lindsey Keenan (via ECF)

Application granted in part.  The Court will hold a status conference in this case on February 23, 2026 at 10:00 a.m.  The Court has also reviewed the parties submissions concerning whether the Government accessed documents over which Mr. Leech had validly asserted privileged.  The Court has determined that it must conduct an evidentiary hearing to resolve Defendant's motion pursuant to *Kastigar v. United States*, 406 U.S. 441 (1972).  The Court will hold that hearing on March 6, 2026, at 9:00 a.m.  Both the status conference and the evidentiary hearing will be held in Courtroom 12C of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan U.S. Courthouse at 500 Pearl Street, New York, New York, 10007.

SO ORDERED.
Dated:  February 18, 2026
New York, New York

            _____
            GREGORY H. WOODS
            United States District Judge