MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
THOMAS A. McKAY
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG
LISA ZORNBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com
_____

WRITER'S CONTACT INFORMATION

jsack@maglaw.com
(212) 880-9410

COUNSEL
JOSHUA BUSSEN
PIPPA HYDE***
KEFIRA WILDERMAN
____
RETIRED/PARTNER EMERITUS
PAUL R. GRAND
____
ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT
***ALSO ADMITTED IN ENGLAND AND WALES

April 6, 2026

**VIA ECF**
The Honorable Gregory H. Woods
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *United States v. Leech*, No. 24 Cr. 658 (GHW) (S.D.N.Y.)

Dear Judge Woods:

Defendant Kenneth Leech respectfully submits this letter in response to the government's March 30, 2026 Prehearing Memorandum (the "Gov. Mem."), which was originally filed under seal and has now been filed, in redacted form, on the public docket.

The government writes that, at the April 8 hearing, it plans to present evidence addressing the conduct of the Case Team and Filter Team in connection with privileged communications, including the extent to which the Case Team accessed material protected by the attorney-client privilege, the work product doctrine, and the spousal communications privilege. (Gov. Mem. at 30). But the government unilaterally seeks to impose limits on the scope of the inquiry, asserting that the issue of "taint" should be deferred until after trial. (*Id.*). While we agree that the presentation of evidence about the conduct of the Case Team and Filter Team is consistent with the scope of the hearing described by Your Honor, there is no basis for the government's position that the scope of the hearing should be limited to the government's process. The government's attempt to revisit the Court's ruling and limit the scope of the *Kastigar* hearing should be denied.

*First*, the government's argument that a *Kastigar* hearing (which is intended to address the issue of taint) is unwarranted is not a new argument. It was the subject of extensive briefing (*see* Def. Pretrial Mots. at 23-38 (S.D.N.Y. Aug. 22, 2025), Dkt. No. 35; Gov. Opp. at 46-72 (S.D.N.Y. Sept. 23, 2025), Dkt. No. 37; Def. Rep. Br. at 23-42 (S.D.N.Y. Oct. 7, 2025), Dkt. No. 38; Gov. Br. at 23-38 (S.D.N.Y. Jan. 21, 2026), Dkt. No. 78; Def. Rep. Br. at 10-28 (S.D.N.Y. Feb. 6, 2026), Dkt. No. 94)), and Your Honor has ruled on the issue, *see* (Tr. 87-107 (S.D.N.Y. Nov. 7, 2025); Order (S.D.N.Y. Nov. 17, 2025), Dkt. No. 51; Tr. 16-27 (S.D.N.Y. Feb. 25,

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P. C.

Hon. Gregory H. Woods
April 6, 2026
Page 2 of 3

2026)).  The government itself acknowledges that the Court "has discretion to conduct a *Kastigar* hearing before trial, during trial, after trial, or to use some combination of these alternatives." (Gov. Mem. at 25 (citation omitted)).  To the extent the government seeks a different type of hearing from what the Court ordered, that amounts to an untimely motion for reconsideration, which should be denied.  *See* S.D.N.Y. Local Crim. R. 49.1.

*Second*, as the Court made clear during the February 25 status conference, "[m]y expectation is that at the hearing, [the government] will give me all of the evidence that I need to see in order to resolve the motion."  (Feb. 25, 2026 Tr. 16).  The government must present at the hearing all of the facts "about the process that was used by the government to . . . review the materials that were seized" such that "the defense will have the opportunity to challenge the factual assertions by the government."  (*Id.* at 16-17; *id.* at 16 ("I believe that at the hearing, the government needs to present all of that evidence as evidence such that the defense can interrogate it.")).

Regardless of whether the government's "presentation at the hearing [focuses] on the issue of 'taint,'" (Gov. Mem. at 6), the impact of the Case Team's access to privileged documents is inextricably intertwined with the government's process.  Accordingly, defense counsel should be allowed to question—and the Court should be able to assess—several closely related issues:  (i) the procedure the government employed to screen privileged material from the Case Team, (ii) the privileged documents reviewed by the Case Team as a result of the screening process implemented, and (iii) the impact those documents might have had on the government's investigation.  Otherwise, the Court would not be able to "resolve the motion" on the basis of the evidence adduced at the hearing—*i.e.*, the hearing would not achieve the very purpose articulated by the Court at the February 25 status conference.

*Lastly*, in an effort to characterize the defense's privilege assertions as inappropriate, the government submitted certain documents with its memorandum out of context and without essential details.  (*See* Gov. Mem. at 19-20).  The parties have briefed the defendant's privilege assertions extensively, and the Court has already stated that its "expectation [was] that [it] will rule regarding whether defendant has met its burden based on the log rather than through an *in camera* review of each of the individual communications."  (Feb. 25, 2026 Tr. 19-20).

We respectfully submit that the defense has met its burden to establish the privileged nature of the documents through the privilege logs, and we dispute the government's characterizations of the documents its has attached to its submission.  To the extent the Court considers the government's contentions about these specific documents, we would

Morvillo Abramowitz Grand Iason & Anello P. C.

Hon. Gregory H. Woods
April 6, 2026
Page 3 of 3

respectfully request the opportunity to address the government's assertions in an *ex parte* and *in camera* attorney declaration.

Respectfully submitted,

MORVILLO ABRAMOWITZ
GRAND IASON & ANELLO P.C.

By:    /s/ Jonathan S. Sack
Jonathan S. Sack
Jeremy H. Temkin

565 Fifth Avenue
New York, NY 10017
(212) 880-9410
jsack@maglaw.com

CLEARY GOTTLIEB
STEEN & HAMILTON LLP

Joon H. Kim
One Liberty Plaza
New York, New York 10006
(212) 225-2000

*Attorneys for Defendant S. Kenneth Leech II*

Cc:    AUSA Peter J. Davis (via ECF)
AUSA Thomas S. Burnett (via ECF)
SAUSA Lindsey Keenan (via ECF)
AUSA Stephen J. Ritchin (via ECF)
AUSA Dina McLeod (via ECF)
AUSA Adabelle U. Ekechukwu (via ECF)