

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*Jacob K. Javits Federal Building*
*26 Federal Plaza*
*New York, New York 10278*

May 19, 2026

**<u>BY ECF</u>**

Hon. Gregory H. Woods
Southern District of New York
500 Pearl Street
New York, NY 10007

> **Re:  <u>United States</u> v. <u>S. Kenneth Leech II</u>, 24 Cr. 658 (GHW)**

Dear Judge Woods:

The Government writes to respond to the defendant's May 13, 2026 letter regarding the jury instructions.  The defendant's arguments are meritless.

*First*, as to Section 1001(a)(1), the defendant asks this Court to disregard the indictment. The defendant cites no authority—because there is none—for the proposition that a Court can omit a valid charge from the jury instructions simply because the defendant disagrees that he committed the crime.  Put simply, the defendant does not dispute that the indictment charges Section 1001(a)(1) or that the Government's proposed instructions are legally correct.  That is reason enough to instruct the jury on Section 1001(a)(1) in the form the Government has proposed.

Although irrelevant, the defendant's attempts to distinguish the Second Circuit caselaw affirming Section 1001(a)(1) convictions are also misguided.  The defendant, for example, barely tries to distinguish *United States v. Stewart*, 433 F.3d 273 (2d Cir. 2006), noting only that Mr. Leech made statements to the SEC "under oath during formal testimony," whereas the defendant in *Stewart* made statements to the SEC "in his voluntary interview after he was specifically asked about the trades that he and others had conspired to lie about."  (ECF No. 151 at 3-4.)  There is no "SEC testimony" exception to Section 1001.  Indeed, when Congress wanted to carve out exceptions to Section 1001(a), it knew how to do so.  *See* 18 U.S.C. § 1001(b) (providing that Section 1001(a) "does not apply to a party to a judicial proceeding, or that party's counsel, for statements, representations, writings or documents submitted by such party or counsel to a judge or magistrate in that proceeding"); *id.* § 1001(c) (providing when Section 1001(a) applies to matters within the jurisdiction of the legislative branch).  Defendant's reliance on the perjury statute and the Supreme Court's interpretation of the perjury statute in *Bronston v. United States*, 409 U.S. 352 (1973), is therefore misplaced as a matter of statutory text.

The defendant's claim that he did not have "fair warning" concerning Section 1001(a)(1) is legally misplaced and contradicted by the record and common sense.  Legally, a claim can be dismissed for lack of only fair notice only when the statute's application to the facts is so unclear that it does not "present[] an ordinary person with sufficient notice of . . . what conduct is prohibited." *United States v. Houtar*, 980 F.3d 268, 273 (2d Cir. 2020) (internal citation omitted). Here, the defendant does not try to explain why Section 1001(a)(1) is unconstitutionally vague.

Nor could he, given its plain language and common application.  *See, e.g.*, *Stewart*, 433 F.3d 273 (2d Cir. 2006).

The defendant's "fair notice" argument is also at odds with the facts.  Exhibit 1 in Mr. Leech's deposition was SEC Form 1662. (Exhibit A.)  Mr. Leech testified he had an opportunity to review the Form 1662 and had no questions about it. (Exhibit B at 5:25-6:12.)  Form 1662 advised the defendant of the applicability of all three provisions of Section 1001, including Section 1001(a)(1).  The defendant was also formally advised to "make every effort to give [his] best and most complete and, of course, most importantly, honest answers to my questions today." (Exhibit B at 8:8-17.)  If defendants have fair warning that Section 1001(a)(1) applied to statements given in the voluntary, informal context, as in *Stewart*, there can be no fair warning issue where the defendant is specifically advised of the statute and seated next to sophisticated counsel in the formal context of a deposition.

In short, Section 1001(a)(1) is validly charged, the Government's proposed instructions are legally correct, and defendant's disagreement over whether he violated Section 1001(a)(1) is a matter for the jury to determine.

*Second*, as to Section 1001(a)(2), the defendant attempts to delete words from the statute and set aside Second Circuit caselaw.  As an initial matter, it is the Second Circuit—not the Government—that has repeatedly found that the language in *United States v. Mandanici*, 729 F.2d 914, 921 (2d Cir. 1984) is non-binding dicta.  *See, e.g.*, *United States v. Mangano*, 128 F.4th 442, 484 (2d Cir. 2025); *United States v. Sampson*, 898 F.3d 287, 306 n.14 (2d Cir. 2018); *United States v. Kaplan*, 758 F. App'x 34, 39 (2d Cir. 2018).  The Second Circuit expressly stated, as recently as February 13, 2025, that it had "not squarely decided whether a conviction under 18 U.S.C. § 1001 requires the statements at issue to be literally false, and we decline to do so."  *Mangano*, 128 F.4th at 484.  Under the defendant's erroneous view, however, the Second Circuit actually decided the issue 60 years ago in *United States v. Diogo*, 320 F.2d 898, 902 (2d Cir. 1963), when the Court noted "[f]alse representations, like common law perjury, require proof of actual falsity; concealment requires proof of wilful [sic] nondisclosure by means of a 'trick, scheme or device.'" That is wrong for the simple reason that *Mangano*, *Sampson*, and *Kaplan* subsequently said it was wrong.  But it also wrong because in *Diogo* the Circuit did not address the statutory meaning of "fraudulent" in Section 1001(a)(2) but rather the meaning of "false statements."  Accordingly, *Diogo* cannot as a matter of doctrine or text support the defendant's argument.

The defendant's position is also inconsistent with interpretations given to the Supreme Court's decision in *Thompson v. United States*, 604 U.S. 408 (2025).  Under *Thompson*, courts must give meaning to the modifier "fraudulent" in Section 1001(a)(2).  To this end, the defendant does not address the cases following *Thompson* that have held that "[t]he wire fraud statute criminalizes both 'false or fraudulent pretenses, representations, or promises'—clearly a more expansive standard than the solitary 'false' used in 18 U.S.C. § 1014, which the Court found dispositive in *Thompson*." *United States v. Madigan*, No. 22 Cr. 115, 2025 WL 1836050, at * 23 (N.D. Ill. July 3, 2025); *see also United States v. Reese*, No. 24 Cr. 402 (VEC), 2025 WL 1770789, at *6 (S.D.N.Y. June 25, 2025) (holding that *Thompson* was legally inapposite to wire fraud because "[t]he absence of broad language in § 1014 was what led the *Thompson* Court to construe that statute narrowly").  Nor does the defendant seriously distinguish the Seventh Circuit's straightforward application of *Thompson* to Section 1001(a)(1), *United States v. Sabaini*, 161 F.4th

2

1036, 1047 n.3 (7th Cir. 2025) (distinguishing *Thompson* because Section 1001(a)(1) does not criminalize "only false statements"), or address the Second Circuit's recognition that when a statute prohibits both "false" and "fictitious" documents, those terms should be given distinct meanings. *See United States v. Jones*, 965 F.3d 190, 194 (2d Cir. 2020) (interpreting 18 U.S.C. § 514(a)(2)).

Accordingly, because the text of Section 1001(a)(2) it is not limited to "false" representations, the jury should not be instructed that only "false" representations violate Section 1001(a)(2).

*Third*, the defendant concedes that his proposed instruction regarding hypothetical ambiguity is legally incorrect under Second Circuit precedent. The defendant does not dispute that the Second Circuit held in *Sampson* that the question for the jury is whether the defendant's response to the question—as the defendant understood it—was false or fraudulent: "[i]f the response given was false as the defendant understood the question, his conviction is not invalidated by the fact that his answer to the question might generate a number of different interpretations." *Sampson*, 898 F.3d at 307 (quoting *United States Lighte*, 782 F.2d 367, 375 (2d Cir. 1986); *see also Mangano*, 128 F.4th at 483 (the "[j]ury must 'determine whether the question—as the declarant must have understood it giving it a reasonable reading—was falsely answered.'" (quoting *Lighte*, 782 F.2d at, 372-73)).

Apparently acknowledging this caselaw, defendant claims that his proposal "would not, as the government contends, 'allow the jury to consider hypothetical interpretations of the questions—even if the defendant did not have those interpretations in mind at the time of his testimony.'" (ECF No. 151 at 6.) Nonetheless, the defendant's proposal would put the burden on the government to "prove the defendant's answer was false *under every reasonable interpretation of the question*," even if the defendant did not have that interpretation in mind. (ECF No. 95 at Request No. 25. (emphasis added)). Accordingly, in addition to failing to account for "fraudulent" statements under Section 1001(a)(2), or the factual evidence at trial that will demonstrate that the SEC's questions were not ambiguous and that the defendant understood the questions and falsely answered them, the defendant's proposed instruction is also legally incorrect under *Sampson* and *Lighte*.

*Finally*, the defendant's arguments regarding the fiduciary duty instruction confuses a number of issues and misstates the law.

The defendant's citation to *Macquarie Infrastructure Corp. v. Moab Partners, L.P.*, 601 U.S. 257, 264 (2024) is of no moment. As explained previously, ECF No. 37 at 39-40, as a fiduciary the defendant had a duty to disclose that he was favoring certain portfolios over others by using first-day performance in deciding how to allocate trades. Undisclosed cherry-picking violates a fiduciary's affirmative duty of utmost good faith to avoid misleading clients. (*Id.* (citing cases at fns. 84-86.)) And so, "[c]herry-picking axiomatically constitutes" a scheme that "operates as a fraud" or is "fraudulent." *SEC v. Kellen*, No. 20 Civ. 3861 (RSWL) (AGR), 2021 WL 4907238 (C.D. Cal. Sept. 14, 2021). Accordingly, the defendant is guilty of Counts One through Four if he employed this scheme without informing clients, regardless of whether he (directly or indirectly) made a representation that was fraudulent, or a representation that was misleading because it omitted certain information. Counts Two and Four alternatively allege material misstatements or

3

omissions.  *See, e.g.*, 17 C.F.R. § 240.10b-5(b); *see also* 17 C.F.R. § 180.1(b).  This prong "covers half-truths, not pure omissions." *Macquarie*, 601 U.S. at 264.  *Macquarie* did not extend this holding to the other two prongs of Rule 10b-5, *see id*. at 265 n.2, and thus has no bearing on the defendant's liability under Count One, Count Three, or the other two prongs of Counts Two and Four.

As to the fiduciary duty instruction itself, the defendant does not dispute the validity of the Government's proposed instruction that an investment advisers' fiduciary duties include an "affirmative obligation to employ reasonable care to avoid misleading his clients" and a "duty to disclose all material facts concerning the transaction entrusted to it."  (ECF No. 95 at 10 (Request 6).)  Nor does the defendant dispute that the Government's proposed charge has been repeatedly given in this District.  (Dkt. 141, May 6, 2026 Letter (citing cases).)

Finally, the defendant is wrong that there is a distinction in the fiduciary duties applicable to Counts Two, Three and Four.  Instead, unlike the Investment Adviser count, which *per se* imposes fiduciary duties on investment advisers, for the other counts the jury must find that the defendant is a fiduciary.  Accordingly, one robust description of the defendant's fiduciary duties in Count One and subsequent references to that instruction is appropriate.

Accordingly, the Government's proposed instruction is properly given here.

SEAN BUCKLEY
Attorney for the Government

by: *Peter J. Davis*
_____
Thomas Burnett/Peter Davis
Assistant United States Attorneys

Lindsey Keenan
Special Assistant United States Attorney
(212) 637-2468/1064/6523

cc:  Counsel (by ECF)

4